JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARVIN L. CHARLES,

          Petitioner,

   v.

FRANK KENDALL III.,

          Defendant.

Case No. 2:24-cv-00981-CV (JDEx)

**ORDER DISMISSING CASE FOR LACK OF PROSECUTION**

**[DOC. # 31]**

On December 3, 2025, the Court issued an Order to Show Cause ("OSC") why the action should not be dismissed for lack of prosecution. Doc. # 31. The Court provided Petitioner Marvin L. Charles ("Plaintiff") 14 days to respond and cautioned that failure to comply could result in dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) or for violation of a Court order. *Id.* at 2.

A district court has authority to dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Dismissal, however, is a severe penalty and should be imposed only after considering the relevant factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition

1

of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)); *see also Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019). The five-factor test is a balancing inquiry, not a checklist, and dismissal may be warranted even if not all factors favor it. *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); *see also*, *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("We may affirm a dismissal where at least four factors support dismissal or where at least three factors strongly support dismissal.") (citation modified).

Here, four of the five factors support dismissal. The first two factors—the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket—favor dismissal. Plaintiff's failure to comply has halted progress in this matter, allowing him to control the pace of the docket rather than the Court. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

The third factor—prejudice to Defendant—also weighs in favor of dismissal. Unreasonable delay is presumed to cause prejudice. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994); *Henderson v. Duncan*, 779 F.2d 1421, 1425 (9th Cir. 1986). Plaintiff's inaction has delayed the case for several months unnecessarily.

The fourth factor—the availability of less drastic sanctions—likewise supports dismissal. Plaintiff was explicitly warned that failure to respond could result in dismissal with prejudice, and the Court has afforded Plaintiff with ample time to respond before issuing this order. *See* Doc. # 31. The Court finds that lesser sanctions would be ineffective given Plaintiff's failure to respond. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976) ("There is no requirement that every single alternate remedy be examined by the court before the sanction of dismissal is appropriate.").

The fifth factor—the public policy favoring resolution on the merits—weighs against dismissal. *See Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of

cases on the merits."). However, this factor is outweighed by Plaintiff's failure to move the case forward or comply with court orders. *See In re Eisen*, 31 F.3d at 1454.

Because four of the five factors support dismissal, the Court concludes that dismissal is warranted. *See Hernandez*, 138 F.3d at 399. Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: 1/23/26

*Cynthia Valenzuela*

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE